UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY M. TERRELL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>NAVAL MEDICAL RESEARCH CENTER, et al.,<br><br>　　　　　　Defendants. | Case No.: 5:13-cv-04616-PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPEAL IN FORMA PAUPERIS**<br><br>**(Re: Docket No. 16)** |

On November 12, 2013, Plaintiff Gregory M. Terrell ("Terrell") filed an application to appeal *in forma pauperis* ("IFP application"). His application relates to his notice of appeal of the proposed order[1] filed by Defendants DARPA, Naval Medical Research Center, Navy Medicine West, Naval Medical Center San Diego, and Charles E. Schaff (collectively, Defendants) pursuant to the Civil L.R. 7-2(c).[2] The IFP application has not been opposed.

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In other words, if the district court determines an appeal is not taken in good faith, the court may deny the IFP application. Courts

---

[1] *See* Docket No. 12.

[2] *See* Civil L.R. 7-2(c) ("Unless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order."). Defendants filed their proposed order, *see* Docket No. 12, as required along with their motion to dismiss, *see* Docket No. 11.

have determined that the term "good faith" means "frivolous."[3] If the appeal as a whole is frivolous, the IFP application should be denied.[4]

Here, Terrell has appealed a proposed order, not an order of this court. On that basis the court finds Terrell's application premature and frivolous. The court therefore DENIES Terrell's IFP application.

**IT IS SO ORDERED.**

Dated: December 10, 2013

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See Morris v. Lewis*, Case No. 4:10-cv-5640-CRB-PR, 2012 WL 1549535, at *3 (N.D. Cal. Apr. 30, 2012) (quoting *Ellis v. United States*, 356 U.S. 674-75 (1958)) (finding an appeal to be frivolous where it had no valid grounds on which it was based and equating "frivolous" to mean not "taken in good faith").

[4] *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that 28 U.S.C. § 1915(a) requires IFP status to be authorized for an appeal as a whole and not on a piecemeal basis).