UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY M. TERRELL,<br><br>              Plaintiff,<br>    v.<br>NAVAL MEDICAL RESEARCH CENTER, et al.,<br><br>              Defendants. | Case No. 5:13-cv-04616-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 11)** |

Defendants move to dismiss Plaintiff Gregory Terrell's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Terrell did not file an opposition or appear at the hearing held yesterday. After considering the arguments, the court GRANTS Defendants' motion without leave to amend. Judgment will follow.

The Supreme Court in *Feres v. United States* held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."[1] The Ninth Circuit evaluates four non-dispositive factors under the totality of the circumstances to determine "whether a particular suit should be barred by

---

[1] 340 U.S. 135, 146 (1950).

1

Case No. 5:13-cv-04616-PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

the *Feres* doctrine:

1) the place where the negligent act occurred;
2) the duty status of the plaintiff when the negligent act occurred;
3) the benefits accruing to the plaintiff because of his status as a service member; and
4) the nature of the plaintiff's activities at the time the negligent act occurred."[2]

After reviewing Defendants' papers the court finds that these factors warrant dismissal of this case.  First, the negligent activity allegedly occurred at the Marine Corps Recruit Depot in San Diego when Terrell developed pneumonia.[3]  Second, Terrell alleges he was on active duty when he developed pneumonia and remained on active duty during treatment.[4]  Third, Terrell has benefitted from medical treatment provided incident to his military service.[5]  Finally, the pneumonia underlying Terrell's claims arose during his basic training.[6]

The court further finds that the United States is the only proper defendant under the FTCA.[7]  Under the FTCA, agencies cannot be sued.[8]  Personal capacity suits against federal employees are

---

[2] *Costo v. United States*, 248 F.3d 863, 867 (9th Cir. 2001) (citing *Dreier v. United States*, 106 F.3d 844, 848 (9th Cir. 1996)).

[3] Docket No. 1 at 4.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *See McAllister v. United States*, Case No. 3:11-cv-03858-MEJ, 2013 WL 2551990, at *2 (N.D. Cal. June 10, 2013) (agreeing with the government that "it is well-established that the FCTA only authorizes lawsuits against" the United States and noting that the "FTCA, 28 U.S.C. §§ 1346(b), 2671-80, waives the sovereign immunity of the United States for certain torts committed by federal employees.") (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (noting the United States has waived its sovereign immunity and rendered itself liable for claims "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.")).

[8] *See* 28 U.S.C. § 2679(a); *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (the United States, not an agency like the Postal Service, is the only proper party defendant in an FTCA action).

not allowed in this context either.[9] Each of the named employees is therefore dismissed with prejudice for this additional reason.

Because the court believes any amendment to Terrell's complaint would be futile, the complaint is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: January 29, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See* 28 U.S.C. § 2679(b)(1); *see also Jackson v. Tate*, 648 F.3d 729, 735 (9th Cir. 2011)

Under the Westfall Act, federal employees receive absolute immunity from suit "for their 'negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [their] office or employment.'" *Green v. Hall*, 8 F.3d 695, 699 (9th Cir. 1993) (*quoting* 28 U.S.C. § 2679(b)(1)). The statute "grants the Attorney General authority to certify that a federal employee named defendant in a tort action was acting within the scope of his or her employment at the time in question," and if the Attorney General makes such a certification, then "the United States must be substituted as the defendant." *Osborn v. Haley*, 549 U.S. 225, 240-41 (2007) (citing 28 U.S.C. § 2679(d)(1)). "The United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Id.* at 231 (emphasis in original).